CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
AUG 30 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAY CLARENCE STILWELL, JR., ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00509 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| SOUTHWEST VIRGINIA REGIONAL ) | |
| JAIL AUTHORITY, et al., ) | By: Samuel G. Wilson |
| Defendants. ) | United States District Judge |

Plaintiff Jay Clarence Stilwell, Jr., a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983. Stilwell alleges that defendant Ron Adkins was deliberately indifferent to his medical needs by refusing to immediately transport him to the institutional infirmary for an alleged medical condition and for failing to refer him to a psychiatrist. Stilwell does not make any specific request for relief. The court finds that Stilwell's complaint fails to state a claim upon which relief can be granted; and, therefore, dismisses this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

I.

Stilwell alleges that on June 20, 2006 he advised Adkins, the Head Nurse, that he was "passing blood in his urine." Adkins informed Stilwell that he could not immediately take him to the infirmary, but instead suggested that Stilwell make a sick call request. Stilwell concedes that despite Adkins' refusal to immediately take him to the infirmary, a correctional officer took him there shortly thereafter. Stilwell also complains that on August 3, 2006 he informed Adkins that he needed to see the psychiatrist because he was experiencing a lot of stress. Adkins declined to

---

[1] Further, the Southwest Regional Jail Authority is not a "person" and therefore, is not a proper defendant in a §1983 action. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). However, even if the court granted Stilwell an opportunity to amend to name proper defendants, his claims would still fail for the reasons stated herein.

refer him to a psychiatrist because he did not have any history of mental health problems nor an obvious need for immediate mental health treatment.

## II.

To establish a claim of deliberate indifference under the Eighth Amendment, a plaintiff must show that the defendants knew of and disregarded an objectivly serious medical need or risk of harm. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Allegations of inadvertent or negligent failure to provide medical treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, a mere delay in treatment or care, absent serious harm, does not state a claim of deliberate indifference. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990). Stilwell has not made any allegation which, if true, establishes that the defendants were aware of or disregarded a serious medical need or risk of harm. Stilwell alleges only that Adkins refused to immediately transfer him to the medical unit for care following his complaint of blood in his urine and refused to refer him to a psychiatrist. However, Stilwell concedes that shortly after complaining of blood in his urine he was transported to the medical unit for treatment, and he did not suffer any significant injury due to any delay in treatment. Further, he admits that he had no prior history of mental health problems, but was merely experiencing some "stress" as a result of his current incarceration and wanted to see a psychiatrist. Accordingly, the court finds that Stilwell's claims amount to, at most, allegations of a disagreement with or delay in treatment and care, which are not actionable under the Eighth Amendment.

## III.

For the stated reasons, Stilwell's complaint will be dismissed pursuant to § 1915A(b)(1)

for failure to state a claim.

**ENTER:** This August 30, 2006.

_____
UNITED STATES DISTRICT JUDGE

3